## Dwelling House Ins. Co. of Boston, Mass., v. Dowdall.

1. *Insurance—False Statements in the Application.*—A condition in a policy was that the entire policy should be void " if the interest of the assured was other than unconditional and sole ownership in fee, free from all liens whatever, or if the subject of insurance be a building on ground not owned by the assured in fee simple." In the application the assured stated that she had title by warranty deed. It appeared that she was the widow of a deceased person, who, by his will, devised the land on which the building insured was situated, to her " to have and to hold until August 1, 1894, provided, if she should marry before that date, then she should take her dower," etc. *It was held,* that the assured did not have the interest required by the policy, and that the insurance was void.

Memorandum.—Action on a policy of insurance. Appeal from a judgment rendered by the Circuit Court of Greene County ; the Hon. GEORGE W. HERDMAN, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892. Opinion filed March 6, 1893.

APPELLANT'S BRIEF, HARBERT & DALEY, AND WITHERS & RAINEY, ATTORNEYS.

It does not appear from the evidence that the agent soliciting the insurance, or the company, had any knowledge of the condition of the title, other than the statement contained in her application, to wit, that she derived title to the land by " warrantee deed." As we understand the law, this state of facts renders the policy void. Smith v. Commonwealth Ins. Co., 49 Wis. 322; Lycoming Fire Ins. Co. v. Jackson, 83.Ill. 302; Union Ins. Co. v. Chipp, 93 Ill. 99; Rockford Ins. Co. v. Seyferth, 29 Brad. 513.

The legal effect of the policy, and of the question and answer is, that they amount to a warranty that the appellee was the sole and absolute owner of the property. Etna Ins. Co. v. Resh, 40 Mich. 241; Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402. If any fact material to the risk be misrepresented either through fraud, mistake or negligence, the policy is avoided. Hazard v. New England Marine Ins. Co., 8 Pet. (U. S.) 557.

An offer of insurance, such as to convey an impression to

the insurer that the title was complete and absolute, while it was in fact precarious, depending for its continuance on contingent events, is misleading, and vitiates the insurance. A misrepresentation which is material to the risk avoids the policy. Columbia Ins. Co. v. Lawrence, 2 Pet. (U. S.) 25.

APPELLEE'S BRIEF, MARK MEYERSTEIN, ATTORNEY.

If the party insured has any interest that would be injured in the event the peril insured against should happen, the courts will maintain his policy. Agricultural Ins. Co. v. Clancy, 9 Brad. 140; Shaw v. Ætna Ins. Co., 49 Mo. 578; Flanders on Fire Insurance (2d Ed.) pp. 387–378, Secs. 1, 2 and 3.

An insurable interest is such a title as, if there should be loss, it would have to fall upon and have to be borne by the assured. Rockford Ins. Co. v. Nelson, 65 Ill. 420.

The assured is entitled to recover, where he has an insurable interest at the time the policy is obtained and also at the time of the loss, whether that interest is a title in fee for life or only merely equitable, the whole amount of damage done to the property not exceeding the amount for which it is insured. Andes Ins. Co. v. Fish, 71 Ill. 625.

OPINION OF THE COURT, WALL, J.

This was an action upon a policy of insurance against loss by fire.

The plaintiff recovered and the defendant has brought the record to this court by appeal.

The property covered by the policy was a barn and its contents. It was a condition of the policy that the entire policy should be void "if the interest of the assured be other than unconditional and sole ownership, free from all *liens* whatever, or if the subject of insurance be a building on ground not owned by the assured in fee simple."

The plaintiff had not the interest here required. She was the widow of Hayden E. Dowdall, deceased, who, by his will, devised the land on which the barn was situated to the plaintiff, "to have and to hold until August 1, 1894,"

provided, if she should marry before that date, then she should take her dower, etc.   It is sought to support the claim on the ground that she had an insurable interest, but this is no answer to the objection that she had not such an interest as the policy required.

In her application it is stated that she had title by warranty deed.   This application was drawn up by the soliciting agent of the company, and by her testimony. it appears that she did not make such a statement of her title, though it is not perfectly clear what she did say to him in that regard.   She seems not to remember very distinctly.

If the only point were whether there was a misrepresentation in the statement that she had title by warranty deed, the verdict of the jury would perhaps be conclusive.   But a warranty deed might or might not have given her such a title as the policy required.   If it appeared that the agent of the company knew what her title was, though she stated it imperfectly or not at all, another aspect would be presented.   It does not so appear, and there is nothing from which we can infer that he understood the title.   At the most there is a failure to show that the true nature of the title was disclosed, and knowing what it was, the company, by its agent, made the contract of insurance.   The condition on this subject contained in the policy is a valid one and is justified by sound reasons.   It is not desirable that persons in possession of property for a term of years should be permitted to insure it as though they were the absolute owners.   The hazard in such case would, of course, be very great, owing to the temptation to burn the property for the sake of the insurance.   After a careful examination of the case as presented by the record and by the briefs of counsel, we are unable to see any plausible excuse for disregarding this condition of the policy.   We are of opinion the court erred in its instructions to the jury on this point, and in refusing the motion for a new trial.   The judgment will be reversed and the cause remanded.